STATE OF MAINE

*vs.*

AUTOMOBILE; PACKARD MOTOR CAR COMPANY, Claimant.

Androscoggin.     Opinion March 10, 1922.

*The interests of a guilty party in a vehicle used by him in the illegal transportation of intoxicating liquor are subject to forfeiture and sale, but the rights of an innocent claimant therein are protected provided he establishes his claim in court. Public Laws 1917, Chapter 294.*

Chapter 63 of the Public Laws of 1921, amended the Act of 1917, Chapter 294, by striking out this sentence: "Any claimant of any such boat, vessel or vehicle must allege and prove that the use of such boat, vessel or vehicle for the transportation of intoxicating liquors as aforesaid was without his knowledge and consent." .

The sentence stricken out does not affect substantive rights but merely procedure and the introduction of evidence. While that sentence was in force the burden was thrown upon the claimant to prove that the illegal use of the vehicle was without his knowledge and consent. The repeal of that sentence has left the question open for proof like all other issues in the case.

The respective rights of the parties in the vehicle remain the same since the passage of the Act of 1921 as before, and are governed by the decision in case, *State* v. *Paige Touring Car*, 120 Maine, 496.

On agreed statement.   This case comes from the Superior Court of Androscoggin County upon an agreed statement of facts entered into before the decision by this court in the case, *State* v. *Paige Touring Car*, 120 Maine, 496.   In the present case the automobile in question was seized at a garage in Lewiston, and at the time of the seizure twenty-five cans each containing one gallon of alcohol were found deposited in the car.   It was admitted that the alcohol so found was intended for illegal sale within the State and that it had been transported in the seized car for that purpose.   The car had been sold by Claimant, Packard Motor Car Company, to Benjamin Margie, one of the guilty parties in possession thereof at the time of the seizure, under a conditional sale, and it was agreed that claimant had no knowledge of the illegal use to which the car was put.   The car was libelled and at the hearing on the libel, claimant appeared, filed and prosecuted its claim.   The Judge of the Lewiston Municipal Court, before whom the hearing on the libel was had, decreed a forfeiture of the car, from which decree claimant appealed to the Superior Court of Androscoggin County, whence the case on an agreed statement was taken to the Law Court.

The case is fully stated in the opinion.

*Benjamin L. Berman,* for the State.

*George S. McCarty,* for claimant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J.   In *State* v. *Paige Touring Car,* 120 Maine, 496, announced November 16, 1921, this court held that under Chapter 294 of the Public Laws of 1917, the interests of a guilty party in a vehicle used by him in the illegal transportation of intoxicating liquor were subject to forfeiture and sale, but the rights of an innocent claimant therein were protected provided he established his claim in court.   The legal rights of each are to be determined in proper legal process, and it matters not whether the interest of the offending party is that of a mortgagor or a purchaser under a conditional sale, lease or Holmes's note.

Precisely the same question arose in the instant case, and the presiding Justice ordered a forfeiture of the automobile. It is admitted that the Packard Motor Car Company had sold the car to Benjamin Margie, one of the guilty parties in possession thereof at the time of the seizure, under a conditional sale, that the purchase price was $3,535 and the purchaser had paid $2,200 thereon according to the contract, and that the Company had no knowledge of the illegal use to which the car was put. It should be added, however, that this ruling was made before the decision in the Paige case was announced.

The pending case is therefore the same in principle as the Paige case, except that the Legislature of 1921 amended the act of 1917 by striking out the last sentence, which was as follows: "Any claimant of any such boat, vessel or vehicle must allege and prove that the use of such boat, vessel or vehicle for the transportation of intoxicating liquors as aforesaid was without his knowledge and consent." Public Laws 1921, Chapter 63. This seizure was made after this amendment became effective, but the legal situation was not thereby changed.

This amendment did not affect the legal rights of the parties as to forfeiture. Those are determined by the rest of the Act of 1917, which remains unchanged, and by the interpretation of that act by the court as given in the Paige case. The sentence stricken out does not affect substantive rights, but merely procedure and the introduction of evidence. While that sentence was in force, the burden was thrown upon the claimant to prove that the illegal use of the vehicle was without his knowledge and consent. In the absence of any evidence on that point such use was prima facie presumed to be with his knowledge and consent. The repeal of that sentence has relieved the claimant from that presumption and has left the question open for proof like all other issues in the case. But it has had no other effect.

In the case at bar the innocence of the Company is admitted. Therefore the pecuniary rights of each party must be determined in the trial court and disposed of in accordance with the provisions of the statute and the opinion in *State of Maine* v. *Paige Touring Car,* 120 Maine, 496, supra.

As this case is before the court on an agreed statement of facts the entry will be:

> *Rights of Benjamin Margie in said Packard Touring Car on August 22, 1921, under the contract of conditional sale with the Packard Motor Car Company of Boston forfeited to the County of Androscoggin to be sold in accordance with the provisions of Chapter 294, Laws of 1917; subject, however, to the claim of the Packard Motor Car Company of Boston under said contract of sale.*